**THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States Commodity Futures Trading Commission**, Plaintiff, v. **Ray Thomas Brown**, Defendant. | **No. CV 12-02513-PHX-FJM** **CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF** |

The Joint Motion for Entry of this Order is GRANTED (doc. 19).

Plaintiff U.S. Commodity Futures Trading Commission ("CFTC") has filed a Complaint against Defendant Ray Thomas Brown ("Brown") seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the antifraud and registration provisions of the Commodity Exchange Act ("Act"), as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010), §§ 701-774, 124 Stat. 1376 (effective July 17, 2011), to be codified at 7 U.S.C. §§ 1 *et. seq*.

Brown, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order for Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, consents to the entry of this Order, and states that the consent is entered voluntarily and that no promise or threat has been made by the CFTC or any member, officer, agent or representative thereof, to induce Brown to consent to this Order. Brown further states that he has been advised to seek counsel and that he has had the opportunity to do so.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and Brown pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (2006 & Supp. V 2011), which authorizes the CFTC to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e), in that Brown resides in this District and the acts and practices in violation of the Act have occurred within this District.

3. Brown enters his appearance and acknowledges receipt of the Summons and Complaint.

4. Brown waives the entry of findings of fact and conclusions of law for the purpose of the entry of this Order.

## **DEFINITIONS**

For the purposes of this Order, the following definitions apply:

5. The term "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, through

detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

6. The term "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattel, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies, and all cash, wherever located.

**PRELIMINARY INJUNCTION AGAINST VIOLATIONS OF THE ACT**

**IT IS THEREFORE ORDERED THAT:**

7. Brown, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, are restrained, enjoined and prohibited, until further order of the Court, from using the mails or any means of instrumentality of interstate commerce, directly or indirectly, to employ any device, scheme, or artifice to defraud any client or participant or prospective client or participant, or to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any commodity trading client or commodity pool participant or prospective client or participant in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o (2006 & Supp. V 2011).

8. Brown, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, are restrained, enjoined and prohibited, until further order of the Court, from acting as a commodity pool operator or commodity trading advisor, as those terms are defined under Section 1a of the Act, 7 U.S.C. § 1a (2006 & Supp. V 2011), in violation of Section 4m of the Act, 7 U.S.C. § 6m (2006 & Supp. V 2011).

9. Brown, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, are restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Trading on or subject to the rules of any registered entity, as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (2006 & Supp. V 2011);

B. Entering into any transactions involving commodity futures, options on commodity futures, commodity options (as that term is defined in CFTC Regulation 1.3 (hh), 17 C.F.R. § 1.3(hh) (2012)) ("commodity options"), security futures products, swaps (as that term is defined in Section 1a(47) of the Act, 7 U.S.C. § 1a(47) (2006 & Supp. V 2011), and/or foreign currency (as described in Sections 2(c)(2)(B) and 2(c)(2)(C)(i) of the Act, as amended, 7 U.S.C. §§ 2(c)(2)(B) and 2(c)(2)(C)(i)) ("forex contracts") for his own personal account or for any account in which he has a direct or indirect interest;

C. Having any commodity futures, options on commodity futures, commodity options, security futures products, swaps and/or forex contracts traded on his behalf;

D. Controlling or directing the trading for or on behalf of any other person or entity, whether by power of attorney or otherwise, in any account involving commodity futures, options on commodity futures, commodity options, security futures products, swaps and/or forex contracts;

E. Soliciting, receiving or accepting any funds from any person for the purpose of purchasing or selling any commodity futures, options on commodity futures, commodity options, security futures products, swaps and/or forex contracts;

F. Applying for registration or claiming exemption from registration with the CFTC in any capacity, and engaging in any activity requiring such registration or exemption from registration with the CFTC, except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012); and/or

G. Acting as a principal (as that term is defined in Regulation 3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent or any other officer or employee of any person (as that term is defined in Section 1a of the Act, 7 U.S.C. § 1a (2006 & Supp. V 2011), registered, exempted from registration or required to be registered with the CFTC except as provided for in Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012).

**PROHIBITION ON DESTRUCTION OF, AND ACCESS TO,**

**BOOKS AND RECORDS AND ASSET FREEZE**

**IT IS FURTHER ORDERED THAT:**

10. Brown, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him, and any person who receives actual notice of this Order by personal service or otherwise who is acting in concert or participation with Brown, is restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A. Destroying, mutilating, concealing, altering or disposing of any books or records, documents, correspondence, brochures, manuals, electronically stored data, tape records or other property of Brown, wherever located, including all such records concerning Brown's business operations;

B. Refusing to allow representatives of the CFTC, when and as requested by those representatives, to inspect the books, records and other electronically stored data, tape recordings, computer disks, computer hard drives, and other documents of Brown and his agents, including all such records of his business operations, wherever they are situated and whether they are in the possession of Brown or others, and to copy said documents, data, and records either on or off the premises where they may be located; and

C. Withdrawing, transferring, removing, dissipating, concealing or disposing of, in any manner, any funds, assets or other property, wherever situated, within the custody, control or possession of Brown, including but not limited to all funds, personal property, money or securities held in safes, safety deposit boxes or otherwise, and all funds on deposit in any financial institution, bank or savings and loan account, whether foreign or domestic, including funds or property of Brown's customers, wherever located, held in the name of Brown or otherwise. The assets

affected by this paragraph shall include both existing assets and income and assets and income acquired after the effective date of this Order.

**DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS**

**IT IS FURTHER ORDERED THAT:**

11. Any bank, financial or brokerage institution, business entity, futures commission merchant ("FCM"), or other entity or person that holds, controls, or maintains custody of any funds, assets or other property of Brown, or has held, controlled, or maintained custody of any funds, assets or other property of Brown, and who receives notice of this Order by personal service or otherwise, including facsimile, shall:

A. Prohibit Brown and any other person from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such asset except as directed by further order of the Court;

B. Deny Brown, and all other persons access to any safe deposit box that is:

1. titled in the name of Brown, either individually or jointly; or
2. otherwise subject to access by Brown or any other person on behalf of Brown; and

C. Cooperate with requests of the CFTC relating to implementation of this Order, including producing records related to Brown's accounts.

12. Any bank, FCM, financial or brokerage institution, business entity, or other person or entity that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Brown, or has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Brown, at any time since November 1, 2007, shall:

A. Provide counsel for the CFTC, within five (5) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of Brown, or

owned, controlled, managed, or held by, on behalf of, or for the benefit of Brown: (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of Brown, or is otherwise subject to access by Brown and any other person on behalf of Brown; and

B. Upon request by the CFTC, promptly provide the CFTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

**REQUIRED ACCOUNTING**

**IT IS FURTHER ORDERED THAT:**

13. The deadline for Brown to prepare, sign and file with the Court, a complete and accurate accounting of all of his assets within three (3) business days, pursuant to this Court's November 27, 2012 Order, is hereby extended to ten (10) days from the date of this Order.

14. Brown shall prepare, sign and file with the Court, within ten (10) days of the date of this Order, a complete and accurate accounting, for the period January 1, 2008 to and including the date of such accounting, of all funds Brown received from and/or paid to pool participants and other persons or entities in connection with solicitation of or transactions in commodity futures, options and forex transactions or purported commodity futures, options and forex transactions, together with the names, mailing addresses, email addresses and telephone numbers of any such persons.

15. Brown shall prepare, sign and file with the Court, within ten (10) days of the date of this Order, a complete and accurate accounting of all disbursements made for any purpose whatsoever of any funds received from pool participants and other persons or entities in connection with solicitations of or transactions involving commodity futures, options on commodity futures, commodity options, security futures products, swaps and/or forex contracts or purported commodity futures, options on commodity futures, commodity options, security futures products, swaps and/or forex contracts, including but not limited to salaries, commissions, fees, loans and other disbursements of money and property of any kind, from January 1, 2008, to and including the date of such accounting. Brown shall include all books, records, and other documents supporting or underlying the accounting required by this paragraph of the Order.

16. Brown shall prepare, sign and file with the Court, within ten (10) days of the date of this Order, a complete and accurate accounting of all assets and property he currently maintains outside the United States, including but not limited to all funds on deposit in any foreign accounts at financial institutions, banks and bank holding companies, savings and loans, investment companies, commodities firms, securities firms, corporations, partnerships, trusts, proprietorships, insurance entities, governmental agencies, and/or any other firm capable of holding funds for, under the control of, or in the name of Brown, whether maintained jointly or in any other capacity, and shall repatriate all funds held in such accounts by paying them to the Clerk of the Court, or as otherwise ordered by the Court, for further disposition in this case. Brown shall include all books, records, and other documents supporting or underlying the accounting required by this paragraph of the Order.

## <u>STAY OF ACTIONS</u>

**IT IS FURTHER ORDERED THAT:**

17. Except by leave of the Court, Brown, and all other persons and entities in active concert or participation with him, are hereby stayed from taking any action to establish or

enforce any claim, right or interest for, against, on behalf of, or in the name of Brown, including but not limited to, the following actions:

A. Commencing, prosecuting, litigating or enforcing any suit, except that actions may be filed to toll any applicable statute of limitations;

B. Accelerating the due date of any obligation or claimed obligation, enforcing any lien upon, or taking or attempting to take possession of, or retaining possession of, property of Brown or any property claimed by Brown, or attempting to foreclose, forfeit, alter or terminate any of Brown's interests in property, whether such acts are part of a judicial proceeding or otherwise;

C. Using self-help or executing or issuing, or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of or interfering with, or creating or enforcing a lien upon any property, wherever located, owned by or in the possession of Brown; and

D. Doing any act or thing to interfere with the exclusive jurisdiction of this Court over the property and assets of Brown.

This Paragraph does not stay the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power.

**COMPLIANCE WITH NOVEMBER 27, 2012 ORDER**

18. Brown, his officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with him who receive notice of this Order by personal service or otherwise are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing, or disposing of, in any manner, directly or indirectly, any documents that relate to the business practices or the business or personal finances of Brown in accordance with this Court's November 27, 2012 Order.

19. Each firm, corporation, partnership, association, or other person or entity with notice which holds or which is a depository of funds, securities, assets, or other property of Brown is prohibited, until further order of this Court, from transferring, withdrawing, removing, or disposing of any such funds, securities, assets, or other property except for the purpose of transferring such assets to the custody, control, and possession of the Receiver in accordance with this Court's November 27, 2012 Order.

20. This Court will entertain an application by Brown for reasonable and necessary living expenses upon proper written submission. Proper submission requires that Brown file such application under oath with the Clerk of the Court and set forth in detail, fully substantiated by all relevant documentation, the amount of funds necessary to pay reasonable and necessary living expenses, a description of the expenses for which those funds are to be applied, a description of the assets sought to be used to pay such expenses, and a description of the derivation of such assets. The CFTC may object or otherwise respond to such application.

**SERVICE OF ORDER**

**IT IS FURTHER ORDERED THAT:**

21. It is further ordered that copies of this Order may be served by any means, including electronic mail, facsimile transmission and United Parcel Service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Brown, or that may be subject to any provision of this Order.

**COURT MAINTAINS JURISDICTION**

**IT IS FURTHER ORDERED THAT:**

22. This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.

CONSENTED TO AND
APPROVED BY:

Ray Thomas Brown
Defendant Ray Thomas Brown

Dated: 11-29-12

26811 N. 21st Drive
Phoenix, AZ 85085

Jonathan Robell
Richard Foelber
Attorneys for Plaintiff
U.S. Commodity Futures Trading Commission
1155 21st Street, NW
Washington, D.C. 20581

Dated: 29 November 2012

**IT IS SO ORDERED.**

Frederick J. Martone
United States District Judge

Dated: December 10, 2012