**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States Commodity Futures Trading Commission, | No. CV-12-2513-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Ray Thomas Brown, | |
| Defendant. | |

Before the court is plaintiff United States Commodity Futures Trading Commission's ("CFTC") motion for summary judgment (doc. 38), and reply (doc. 42). Defendant did not respond to the motion and the time for doing so has expired. We may consider defendant's failure to respond "a consent to the . . . granting of the motion." LRCiv 7.2(i).

Defendant has acknowledged that no "factual or legal issues are genuinely in dispute." (doc. 34 ¶ 3(b)). Therefore, the undisputed material facts establish that defendant violated the antifraud and registration provisions of the Commodity Exchange Act, 7 U.S.C. §§ 6m, 6o (2012) (the "Act"). During the period of January 1, 2010 to November 26, 2012, defendant engaged in a fraudulent scheme to solicit persons to participate in a purported commodity pool and to authorize him to trade commodity futures contracts on their behalf. He convinced more than 200 individuals to deposit by wire transfer and cash deposits

1  approximately $1,163,519.00 to bank accounts under his control. Of this amount, defendant
2  deposited only approximately $86,000 into commodity pool trading accounts. This amount
3  was lost in trading. The rest of the funds were used for defendant's own personal expenses
4  and to further his fraudulent scheme. Defendant lied about his background, fabricated his
5  past and present investment performance, disseminated false account statements, and
6  misappropriated customer funds. He failed to disclose to potential pool participants that he
7  was not registered with the CFTC and that he was illegally operating a commodity pool.

8  The undisputed facts show that defendant, acting as a commodity trading advisor
9  ("CTA") and commodity pool operator ("CPO") violated 7 U.S.C. § 6o(1)(A) and (B) of the
10 Commodity Exchange Act as asserted in count 1 of the Complaint. Acting as a CPO and
11 CTA, and with the intent to defraud, defendant directly or indirectly employed a device,
12 scheme, or artifice to defraud individuals and engaged in transactions, practices or course of
13 business which operated as a fraud upon individuals by (a) making material
14 misrepresentations and omissions to prospective pool participants, (b) misappropriating their
15 funds, and (c) providing them with false and misleading account statements and
16 misrepresenting the value of the individuals' accounts. Defendant engaged in such acts by
17 use of the mails or other means or instrumentalities of interstate commerce. Accordingly,
18 summary judgment is granted in favor of the CFTC on count 1 of the Complaint.

19 The undisputed facts also show that defendant engaged in the activities of a CPO
20 although he was not registered with the CFTC as a CPO, and did not qualify for a registration
21 exemption, in violation of 7 U.S.C. § 6m. Defendant used the mails or other means or
22 instrumentalities of interstate commerce to engage in his business as a CPO. Summary
23 judgment is granted in favor of the CFTC on count 2 of the Complaint.

24 The undisputed facts also show that defendant acted as a CTA although he was not
25 registered with the CFTC as a CTA, and did not qualify for a registration exemption, in
26 violation of 7 U.S.C. § 6m. Defendant used the mails or other means or instrumentalities of
27 interstate commerce to engage in his business as a CTA. Summary judgment is granted in
28 favor of the CFTC on count 3 of the Complaint.

1   Based on defendant's violations of the Commodity Exchange Act and the likelihood
2   of future violations, injunctive and monetary remedies are warranted. In addition to
3   restitution and disgorgement, the Act authorizes the imposition of a civil monetary penalty
4   of not more than the greater of $140,000 or triple the monetary gain for each violation of the
5   Act. 7 U.S.C. § 13a-1(c), (d); 17 C.F.R. § 143.8(a)(1)(ii)(D).

6   We reject the CFTC's request to file a second motion for summary judgment on the
7   issue of damages. The deadline to file dispositive motions has passed. <u>Rule 16 Scheduling
8   Order</u> (doc. 36, ¶ 10). Nevertheless, the undisputed facts presented in the CFTC's motion
9   for summary judgment provide sufficient evidentiary support to decide the appropriate
10  remedies.

11  The undisputed facts show that defendant received approximately $1,163,519.00 in
12  connection with his commodity pool scheme. He returned approximately $319,396.32 of
13  participants' initial payments. Thus, the net loss caused by defendant's fraudulent scheme
14  was $844,122.68. The trading accounts managed by defendant sustained losses of
15  approximately $287,818.50. Therefore, the victims' total losses due to defendant's fraud are
16  $1,131,941.98. An imposition of restitution and disgorgement damages against defendant
17  in this amount is appropriate. We also impose a civil monetary penalty pursuant to 7 U.S.C.
18  § 13a-1(d) in the amount of $140,000.

19  Therefore, **IT IS ORDERED GRANTING** the CFTC's motion for summary
20  judgment on all counts in the Complaint (doc. 38). **IT IS FURTHER ORDERED** imposing
21  restitution and disgorgement damages against defendant in the amount of $1,131,941.98, and
22  a civil monetary penalty in the amount of $140,000. Finally, **IT IS ORDERED**
23  **GRANTING** the CFTC's request for permanent injunctive relief, the details of which will
24  be set forth in a separate final judgment.

25  DATED this 21st day of January, 2014.

*Frederick J. Martone*

Frederick J. Martone
Senior United States District Judge